Filed 1/12/26  In re S.H. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re S.H., a Person Coming Under the Juvenile Court Law. | |
| SONOMA COUNTY HUMAN SERVICES DEPARTMENT,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>L.H.,<br><br>    Defendant and Appellant;<br><br>J.J.,<br><br>    Defendant and Respondent;<br><br>R.L.,<br><br>    Defendant and Respondent. | A174296<br><br>(Sonoma County<br>Sup. Ct. No. DEP679501) |

1

In 2023, the Sonoma County Human Services Department (Department) filed a petition alleging S.H. — then only three days old — came within section 300, subdivisions (b)(1), (g), and (j).  The juvenile court struck the allegation as to subdivision (g) but otherwise sustained the petition, and it later terminated L.H.'s (mother) parental rights.

Under the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) — a statute establishing minimum standards state courts must follow before removing an Indian child from their family — the Department was required to inquire whether S.H. had any Indian heritage and, if there was " 'reason to believe' " she did, to notify any relevant tribe.  (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1131–1133.)  On appeal, mother argues the Department and the juvenile court failed to comply with their obligations.  In response, the Department acknowledges errors and agrees to a conditional reversal and remand.  Given the concession, we conditionally reverse the juvenile court's order terminating mother's parental rights for a limited remand to ensure compliance with ICWA's inquiry and notice obligations.[2] (*Dezi C.*, at p. 1136.)

## DISPOSITION

The juvenile court's order terminating mother's parental rights is conditionally reversed. The matter is remanded to permit the Department

---

[1] We resolve this case by memorandum opinion (Cal. Stds. Jud. Admin., § 8.1) and only recite facts necessary to resolve the limited issue before us. Undesignated statutory references are to the Welfare and Institutions Code. The alleged fathers have not appealed, and this opinion makes no further reference to them.

[2] If the parties file a joint application and stipulation to the immediate issuance of a remittitur, the court anticipates it will be granted.  (Cal. Rules of Court, rule 8.272(c)(1).)

and the court to comply with the inquiry and notice provisions of ICWA and California law. If the court finds the child is an Indian child, it must conduct a new section 366.26 hearing and all further proceedings in compliance with ICWA and related California law. If the court concludes ICWA does not apply, the order terminating mother's parental rights must be immediately reinstated.

_____

RODRÍGUEZ, J.


WE CONCUR:


_____

FUJISAKI, Acting P. J.


_____

PETROU, J.


A174296; *In re S.H.*